UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                  :

UNITED STATES OF AMERICA,          :

                                  :      **MEMORANDUM & ORDER**

        v.                     :      23-CR-338 (WFK)

DAJOUR WESTON,               :

                Defendant.      :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On May 15, 2024, Defendant pled guilty to the sole count of a single-count Indictment, charging him with being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). Plea Agreement ¶ 1, ECF No. 43; *see generally* Indictment, ECF No. 16. The Court now sentences Defendant and provides a complete statement of reasons, under 18 U.S.C. § 3553(c)(2), of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to sixty-three (63) months' imprisonment; two years' supervised release with both the standard and special conditions of supervision; and a $100.00 mandatory special assessment.

    **I.**      **Background**

    *Factual Background*

On July 24, 2022, Defendant and co-defendant Messiah Ortiz entered Alpha Restaurant and Lounge in Astoria, Queens. Sealed PSR ¶ 10. At the time, Defendant was on probation for a state conviction in Georgia for Aggravated Assault. *Id.* ¶ 9. While inside Alpha Restaurant and Lounge, Defendant and Ortiz began arguing with another person ("Individual-1"). *Id.* As the argument escalated, Ortiz left the lounge to retrieve a gun from his car. *Id.* ¶¶ 10–11.

When Ortiz returned, the crowd had moved outside, at which point Ortiz handed the gun to Defendant. *Id.* The argument continued on the corner of 41st Street, where Individual-1 violently gestured in Defendant's direction with what appeared to be a firearm. Gov't Sent'g Mem. at 2. Defendant then drew the gun in his possession and aimed it at Individual-1. PSR ¶ 12. Individual-1 fired a single shot, hitting Defendant. *Id.* Individual-1 then turned and fled. *Id.*

After Defendant was shot, Ortiz took the gun from Defendant and ran after Individual-1, firing approximately eight shots in Individual-1's direction. Gov't Sent'g Mem. at 2. Ortiz's shots hit two parked vehicles and narrowly missed a passing car. *Id.* at 5. Afterwards, Ortiz ran to his car and fled the area. *Id.* at 6. Defendant was dropped off at Mount Sinai Hospital in Queens. *Id.* The shooting was captured by multiple video cameras. *Id.* at 2.

Officers from the New York Police Department ("NYPD") collected nine rounds of ammunition from the scene, comprising (1) eight .9mm Federal Cartridge Company casings, and (2) one .380 caliber Federal Cartridge Company casing. PSR ¶ 12.

*Procedural History*

On July 25, 2022, Defendant was charged with firearm possession in Queens County Superior Court. PSR ¶ 41. On August 22, 2023, a United States grand jury sitting in the Eastern District of New York returned a single-count Indictment against Defendant and co-defendant Ortiz. Indictment, ECF No. 16. On May 15, 2024, Defendant pled guilty to the sole count of the Indictment, charging him with being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Plea Agreement ¶ 1, ECF No. 43. Pursuant to the plea agreement, Defendant agreed not to file an appeal or otherwise challenge his sentence if the Court imposed a term of 87 months' imprisonment or below. *Id.* ¶ 4.

**II.     Legal Standard**

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553. Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court

the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from tha      :cribed" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider seven different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

**III.    Analysis**

**A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant**

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

*1.    Family and Personal Background*

Defendant was born on January 10, 1997, in Sleepy Hollow, New York. PSR ¶ 44. Defendant has a close relationship with his mother, who is a registered nurse. *Id.* As a child, Defendant witnessed his father physically abuse his mother. *Id.* ¶ 46. When Defendant was six

years old, his father was sentenced to twelve years in federal prison on drug-related charges, after which he was deported to his native country of Jamaica. *Id.* ¶ 44. Defendant's father's incarceration impacted the family emotionally and financially. *Id.* ¶ 46. Defendant has not spoken to his father in ten years and reports being resentful of his absence. *Id.* ¶¶ 44, 46.

Defendant has three maternal siblings. *Id.* ¶ 45. Defendant's mother and siblings are aware of the instant offense and are supportive of him. *Id.* ¶¶ 44–45. Defendant has never been married, and he has no children. *Id.* ¶ 48. Defendant has been in a romantic relationship with his current partner since 2021; she is aware of the instant offense and is supportive of him. *Id.*

2.    *Educational and Employment History*

Defendant attended Ossining High School in Ossining, New York from 2011 to 2013. *Id.* ¶ 62. He was expelled in 2013 after being arrested for unspecified reasons.[1] *Id.* In 2015, Defendant obtained his General Educational Development ("GED") diploma from Susan Miller Dorsey Senior High School in Los Angeles, California. *Id.* ¶ 61.

In 2012, Defendant worked as a part-time grocery bagger. *Id.* ¶ 66. In 2016, he began freelance modeling, which he continues to do today. *Id.* ¶¶ 63, 66. From 2019 to 2022, Defendant co-owned a record label. *Id.* ¶ 65. At present, Defendant co-owns Mood Swings LLC, a clothing brand based in Los Angeles. *Id.* ¶ 64.

---

[1] No corresponding arrest appeared on Defendant's NCIC criminal records report. PSR ¶ 62 n.1.

### 3.    *Prior Convictions*

Defendant has several prior convictions.  In 2017, Defendant was sentenced to ten years' probation for Aggravated Assault because he shot an individual in the thigh.  *Id.* ¶ 32.  In 2018, Defendant was sentenced to two years' probation for Intent to Distribute a Controlled Dangerous Substance in the Third Degree.  *Id.* ¶ 31.

### 4.    *Physical and Mental Health*

In 2019, Defendant was hit by a car when he was riding a motorcycle.  *Id.* ¶ 52. Defendant underwent surgery for his injuries and does not experience residual pain from the accident.  *Id.*  During the instant offense, Defendant was shot in the stomach.  *Id.* ¶ 51.  Bullet fragments remain his liver; he has stomach and back pain from this injury.  *Id.*

### 5.    *Substance Abuse*

Defendant began using marijuana at age 12.  *Id.* ¶ 57.  While on pretrial release, he has tested positive for marijuana at least three times.  *Id.*  Defendant began misusing Promethazine, Percocet, and Codeine at age 21; he stopped using these drugs due to his arrest for the instant offense.  *Id.* ¶ 59.

### 6.    *Nature and Circumstances of the Offense*

The Court's previous statements address the nature and circumstances surrounding the instant offense.  *See supra* Part I.

## B.  The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant

with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's conduct. Defendant possessed a firearm knowing he was a previously convicted felon and then brandished it during an altercation in a crowded residential neighborhood. His co-defendant used this same gun to open fire on Defendant's assailant. The Court's sentence will deter Defendant and others from engaging in similar conduct, justly punish Defendant for his crimes, and protect the public from Defendant's actions. Accordingly, the Court's sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in this factor. 18 U.S.C. § 3553(a).

## C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3). Defendant pled guilty to one count of being a Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). Plea Agreement ¶ 1.

Defendant faces a maximum term of fifteen years' imprisonment and no minimum term. 18 U.S.C. § 924(a)(8). Defendant also faces a maximum term of three years' supervised release. 18 U.S.C. § 3583(b)(2). If a condition of release is violated, Defendant may be sentenced to up to two years' imprisonment without credit for pre-release imprisonment or time previously served on post-release supervision. 18 U.S.C. §§ 3583(b), (e). Defendant is eligible for a term of probation of one to five years. 18 U.S.C. § 3561(c)(1). Unless extraordinary circumstances exist, the Court must impose one of the following as a condition of probation: a fine, restitution, or period of community service. 18 U.S.C. § 3563(a)(2).

In addition to facing terms of imprisonment and supervised release, Defendant faces a maximum fine of $250,000.00. 18 U.S.C. § 3571(b). Although Defendant is able to pay a fine, defense counsel asks the Court to refrain from imposing one "[d]ue to [Defendant's] present financial circumstances and likely term of incarceration." Def. Sent'g Mem. at 1. The Government may seek forfeiture in accordance with 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c); *see also* Indictment ¶ 2. The Court is required to impose a mandatory special assessment of $100.00 per count pursuant to 18 U.S.C. § 3013(a)(2)(A).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . [t]he applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

Defendant pled guilty to one count of Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1). Plea Agreement ¶ 1.

The parties disagree as to which Guidelines provision applies here. According to Probation, the applicable guideline is U.S.S.G. §2K2.1(c)(1)(A), which directs the Court to U.S.S.G. §2X1.1—the Guidelines provision for Attempt, Solicitation, or Conspiracy—in the event: (1) "the defendant used or possessed any firearm or ammunition . . . in connection with the commission or attempted commission of another offense"; and (2) the resulting offense level is greater. Pursuant to U.S.S.G. §2X1.1(c), "[w]hen an attempt, solicitation, or conspiracy is expressly covered by another offense guidelines section," the Court must "apply that guideline section." Probation contends the instant offense is expressly covered by U.S.S.G. §2A2.1, the Guideline for Assault with Intent to Commit Murder and Attempted Murder. Applying U.S.S.G.

§2A2.1, Probation argues Defendant has a base offense level of 33 because "the object of the offense would have constituted first degree murder."

According to the Government and defense counsel, the cross-reference to U.S.S.G. §2A2.1 for Assault with Intent to Commit Murder and Attempted Murder does not apply here. Def. Obj. to PSR at 1, ECF No. 75. The Government and defense counsel contend the appropriate Guidelines provision is U.S.S.G. §2K2.1(a)(2), under which Defendant has a base offense level of 24 because he committed the instant offense after sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. The Government and defense counsel believe a four-level enhancement under U.S.S.G. §2K2.1(b)(6)(B) applies for possession of a firearm in connection with another felony offense. This results in an offense level of 28.

All parties agree certain reductions to the total offense level apply, including a two-level reduction under U.S.S.G. §3E1.1 (Acceptance of Responsibility) and a one-level reduction under U.S.S.G. §3E1.1(b) (timely notice to the Government of Defendant's intention to enter a guilty plea). Plea Agreement ¶ 2. As calculated by Probation, these reductions result in a total offense level of 30. PSR ¶ 75. As calculated by the Government and defense counsel, these reductions result in a total offense level of 25.

Probation recommends a sentence of 108 months' imprisonment; followed by two years' supervised release with a special condition; and a $100.00 mandatory special assessment. Sealed Prob. Sent'g Rec. at 1, ECF No. 50-1. The Government recommends a Guidelines sentence of 63–78 months' imprisonment. Gov't Sent'g Mem. at 1. Defense counsel recommends a sentence of twenty-four (24) months' imprisonment and three years' supervised release. Def.

8

Sent'g Mem. at 1.  This Court appreciates the sentencing arguments raised by all parties and has considered each in turn.

### E.  Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission."  18 U.S.C. § 3553(a)(5).  The parties have not drawn the Court's attention to any applicable policy statements.  Finding none on its own, the Court proceeds to the next § 3553(a) factor.

### F.  The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  On this point, defense counsel discusses the sentence imposed on Defendant's co-defendant, Messiah Ortiz, who received 121 months' incarceration and two years' supervised release.  Mem. and Order as to Messiah Ortiz, ECF No. 57.  Defense counsel argues Defendant deserves a much lower sentence than Ortiz because Defendant "only came to possess the firearm because it was handed to him" by Ortiz.  Def. Sent'g Mem. at 7.  Unlike Ortiz, moreover, defense counsel states Defendant "never fired the weapon," and only "appeared to raise the firearm in direct response to Individual 1's apparent brandishing of a gun."  *Id.*  The Government disputes this characterization, stating Defendant "coordinated with Ortiz to bring a firearm to the altercation, which [Defendant] later drew and aimed at Individual-1."  Gov't Sent'g Mem. at 9.  Further, the Government argues the circumstances surrounding Defendant's possession of the firearm were not substantially different from Ortiz's possession, noting Defendant "followed Ortiz to the [car] as Ortiz retrieved the firearm and, only upon seeing Ortiz exit the [car], doubled back to re-engage in the argument."  *Id.*

For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence takes these facts into account and avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case. 18 U.S.C. § 3663.

### IV.    Conclusion

For the reasons set forth above, the Court sentences Defendant to sixty-three (63) months' imprisonment; two years' supervised release with both the standard and special conditions of supervision; and a $100.00 mandatory special assessment. This sentence is sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine given Defendant's present financial circumstances.

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report and Addenda thereto, as corrected herein, to the extent those findings are not inconsistent with this opinion.

SO ORDERED.

**s/WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 11, 2025
        Brooklyn, New York